UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-5292 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ANTOINE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Antoine Harris filed a Motion to Vacate, Set Aside or Correct [1] his sentence pursuant to 28 U.S.C. § 2255. On February 1, 2016, the Government moved to dismiss the Motion. For the reasons stated below, the Government's Motion to Dismiss [18] is granted, and Petitioner's Motion to Vacate [1] is denied.

### BACKGROUND

On October 30, 2012, Harris was charged with distributing 28 grams of crack cocaine and, after pleading guilty, was sentenced to 120 months' imprisonment on February 11, 2014. Judgment was entered on February 12, 2014, and became final on February 26, 2014. Harris was initially held at the Metropolitan Correctional Center. Harris alleges that in April of 2014, he was transferred to Big Sandy Penitentiary, ("Big Sandy"). While at Big Sandy, Harris alleges that he attempted to visit the prison law library to file his Section 2255(a) petition but that the institution was constantly on lockdown, and he was unable to access the library or any legal materials. Harris filed his section 2255 petition 45 days after being transferred to Forrest City Penitentiary ("Forrest City") in May of 2015, after the one-year statute of limitations for section

2255 motions. *See* 28 U.S.C. §2255(f)(1). Harris argues that his petition should be deemed timely due to equitable tolling.

## LEGAL STANDARD

A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

A petitioner must file a section 2255 motion within one year from the date the petitioner's judgment conviction date is final. 28 U.S.C. § 2255(f)(1). "A petitioner is entitled to equitable tolling if he can show that he has been diligently pursuing his rights and some extraordinary circumstance stood in his way preventing timely filing." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" *Id*. (quoting *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008.)

## ANALYSIS

Harris alleges that Big Sandy was frequently on lockdown, preventing him from accessing the prison law library. Harris further alleged that violence often occurred in the law library, after which the library would be cleared and no one would have access to it. In addition, Harris could only access the law library on the days assigned to his living unit. Harris argues

that all of these factors prevented him from filing his section 2255 petition within the statute of limitations.

Big Sandy was on lockdown for 48 days out of the year that Harris was incarcerated there. Harris's affidavit states lockdown during the following dates:

| | |
|---|---|
| Jun 11 - 14, 2014 – 3 days; | (no lockdown Jun 15 - 22 – 8 days) |
| Jun 23 - 24, 2014 – 1 day; | (no lockdown Jun 25 - Aug 10 – 47 days) |
| Aug 11, 2014 – 1 day; | (no lockdown Aug 12 - Aug 23 – 12 days) |
| Aug 24 - Sep 3, 2014 – 10 days; | (no lockdown Sep 4 - Nov 3 – 61 days) |
| Nov 4 - 6, 2014 – 2 days; | (no lockdown Nov 7 - Jan 13, 2015 – 68 days) |
| Jan 14 - 15, 2015 – 1 day; | (no lockdown Jan 16 - 19 – 4 days) |
| Jan 20 - 27, 2015 – 7 days; | (no lockdown Jan 28 - Mar 25 – 57 days) |
| Mar 26 - 31, 2015 – 5 days; | (no lockdown Apr 1 - 15 – 15 days) |
| Apr 16 - 21, 2015 – 5 days; | (no lockdown Apr 22 - 27 – 6 days) |
| Apr 28 - 30, 2015 – 2 days; | (no lockdown May 1 - 10 – 10 days) |
| May 11 - 12, 2015 – 1 day; | Harris Transferred |

From September 4, 2014 through January 13, 2015, Big Sandy was not on lockdown for 129 days. From November 7, 2014 through January 13, 2015, Big Sandy was not on lockdown for over two uninterrupted months. Even taking into account the intermittent lockdowns, Harris was not denied access to the prison law library. Harris acknowledges that he was not denied access but, rather, "did not have enough access" to the prison law library. Lack of access to the law library 48 days out of the year does not constitute an extraordinary circumstance such that equitable tolling would be appropriate. Further, as noted in Harris's Response, inmates at Big Sandy can only access the law library on days assigned to their living unit. Thus, there is no guarantee that Harris would have had access to the library on all 48 of those days had Big Sandy not been on lockdown.

3

Harris filed his Petition 466 days after his conviction became final, or 101 days after the expiration of the statute of limitations. Harris alleges that he did not have access to a law library for 123 of those days (48 days on lockdown, 45 days while in transit from Big Sandy to Forrest City, and 30 days after arriving to Forrest City when he was unable to access his legal materials.) Harris does not provide any explanation as to why he was unable to access his legal materials for the 30 days after he arrived at Forrest City. Even if Harris did not have access to a law library for 123 days, this leaves 343 days in which Harris could have been working on his Petition. This is ample time, even taking into account library lockdowns because of periodic violence and limitations of library access to only assigned days.

Harris also argues that Big Sandy's policy of allowing access to the law library on assigned days also prevented him from filing his petition within the statute of limitations period. Harris does not specify how he was limited by the assigned days, merely stating this "limitation significantly shortened" access to the library. Such conclusory statements are not enough to warrant equitable tolling. *See Arroyo v. Brannon*, No. 14-c-7817, 2015 U.S. Dist. LEXIS 98018 at *9 (N.D. Ill. Jul. 28, 2015) (equitable tolling not allowed where petitioner did not explain how intermittent access to prison law library, along with unspecified lockdown periods, resulted in extraordinary circumstances); *See also Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("allegations supporting equitable relief must be specific and not conclusory").

Harris cites to *United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034 (N.D. Ill. Jan. 18, 2008), and *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013), to support his argument that his limited access to the law library constituted extraordinary circumstances. However, the circumstances in both cases are inapposite and unpersuasive. The petitioner in *Strong* was misinformed about the deadline for his petition and "could not access the law library

4

at all until 90 days before his deadline."  Harris makes no argument that he was misinformed as to the date the statute of limitations expired or that he only had access to the law library for the three months prior to his deadline.  Further, while *Estremera* noted that lack of access to a prison library may be an impediment "in principle," the court clarified that, "[t]o hold that the absence of library access may be an 'impediment' in principle is not necessarily to say that lack of access was an impediment for a given prisoner. 'In principle' is a vital qualifier." *Estremera*, 724 F.3d at 777.

Harris also points to prison violence and tensions among inmates as a reason he filed his petition 101 days after the expiration of the statute of limitations.  Harris alleges that inmates would often fight for books, typewriters and other equipment in the library, forcing prison staff to restrict access.  Harris states that he would avoid the library because of this violence.  However, "penitentiary conditions, such as segregation or lockdown, resulting in limited or no access to the prison law library, do not establish extraordinary circumstances." *U.S. ex rel. Taylor v. Ryker*, No. 06 C 4665, 2007 WL 1280630, at *4 (N.D. Ill. Apr. 26, 2007).  Therefore, Harris has not shown an extraordinary circumstance that warrants equitable tolling.

## CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss [18] is granted, and Petitioner's Motion to Vacate [1] is denied.

Date: _____June 29, 2016_____  
_____  
JOHN W. DARRAH  
United States District Court Judge

5